# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Jose Villalobos-Martin and )
Jose Villalobos-Gomez, )
)
Plaintiffs, ) C.A. No.: N18C-01-145 JAP
)
v. )
)
Nationwide Mutual Insurance Company, )
)
Defendant. )

Submitted: March 12, 2019
Decided: May 14, 2019

*Upon Defendant Nationwide Mutual Insurance Company's
Motion for Summary Judgment*: **GRANTED**.

*Upon Plaintiffs Jose Villalobos-Martin and Jose Villalobos-Gomez's
Motion for Summary Judgment*: **DENIED**.

Cynthia H. Pruitt, Esq., Doroshow Pasquale Krawitz & Bhaya, Attorney for Plaintiffs.

Donald M. Ransom, Esq., Beth A. Swadley, Esq., Casarino Christman Shalk Ransom & Doss, P.A., Attorneys for Defendant.

**Rennie, J.**

## MEMORANDUM OPINION

Plaintiff, Jose Villalobos-Martin (the "Father"), maintained an automobile insurance policy (the "Policy") with defendant Nationwide Mutual Insurance Company ("Nationwide"). Plaintiff, Jose Villalobos-Gomez (the "Son," collectively

with the Father, "Plaintiffs"), who was previously on the Policy, had been excluded from it since 2011. The Son was involved in a 2016 automobile accident. Plaintiffs brought this declaratory action against Nationwide, contending that the original exclusion was no longer valid in 2016, and therefore the Son was eligible for coverage under the Policy for that accident. Nationwide disagrees and contends that the exclusion has always been effective. Now before the Court are the parties' cross-Motions for Summary Judgment, wherein the sole issue is whether the Son was still effectively excluded from the Policy at the time of the 2016 accident.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are basically undisputed. By a letter (the "Exclusion Letter") dated April 29, 2011, Nationwide notified the Father that it would not renew the Policy due to a "[s]evere violation for [the Son]."[1] The "severe violation" was identified as "reckless driving on 10/22/10."[2] In the Exclusion Letter, Nationwide indicated that it would continue the Policy with the Father if he agreed to exclude the Son from it.[3] The Father agreed to the exclusion and signed the applicable waiver.[4] Nationwide also offered the Son the option to get coverage under a separate policy.[5] The Son rejected that offer and instead obtained coverage from another

---

[1] Plaintiffs' Motion for Summary Judgment ("Pls.' Mot."), Ex. A, Letter from Nationwide to the Father Excluding the Son from the Policy ("Exclusion Letter") (Trans. ID. 62976261).
[2] *Id.*
[3] *Id.*
[4] Pls.' Mot., ¶ 2.
[5] *See* Exclusion Letter.

insurer.[6] Since that time, the Father had renewed the Policy every six months, and each time the Son was listed as an excluded driver.[7]

On October 30, 2016, the Son was involved in a motor vehicle collision while driving the Father's vehicle that was insured under the Policy.[8] Plaintiffs sought coverage for liability and property damage, and Nationwide declined coverage stating that the Son was not insured under the Policy.[9] On January 12, 2018, Plaintiffs filed this action against Nationwide, seeking a declaration that Plaintiffs are entitled to liability and property damage coverage under the Policy for the Son's October 2016 accident. After the conclusion of discovery, the parties filed cross-Motions for Summary Judgment.

## II. STANDARD OF REVIEW

A summary judgment under Superior Court Civil Rule 56 may be granted if the Court concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[10] The moving party bears the initial burden of showing that no material issues of fact are present.[11] Once the moving party has made such a showing, the burden shifts to the non-moving

---

[6] Defendant's Motion for Summary Judgment, Ex. C.2, Progressive Proof of Insurance (Trans. ID. 62758323).
[7] Amended Complaint, ¶¶ 6–10 (Trans. ID. 62051197).
[8] Pls.' Mot., ¶ 2.
[9] *Id.*
[10] Super. Ct. Civ. R. 56(c).
[11] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

3

party to demonstrate that there are material issues of fact in dispute.[12] Upon consideration of a motion for summary judgment, the Court must view the facts and make reasonable inferences in a light most favorable to the non-moving party.[13]

## III. PARTIES' CONTENTIONS

Plaintiffs contend that there is a lookback period under the relevant statute which imposes a time limit on the efficacy of the exclusion. Because enough time had passed since the Son's 2010 accident/traffic citation, Plaintiffs argue, the Son became eligible to be insured under the Policy in 2014, well before the 2016 accident. Plaintiffs further contend that Nationwide, with superior knowledge and experience in the insurance industry, should have advised Plaintiffs of the Son's eligibility to be reinstated, and by failing to do so, breached the implied covenant of good faith and fair dealing. Plaintiffs therefore argue that Nationwide should extend coverage for the Son's 2016 accident.

Nationwide contends that there is no time limit on its exclusion of the Son from the Policy. Nationwide further contends that once a driver is excluded, there is no statutory or contractual duty on the part of an insurance company with regard to that driver. Because the Son had been excluded from the Policy, Nationwide posits that he is not entitled to any coverage under the Policy.

---

[12] *Id.* at 681.
[13] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

4

## IV. LEGAL ANALYSIS

The statutory provisions applicable to the cancellation and nonrenewal of an automobile insurance policy as well as the exclusion of one or more drivers from that policy are set forth in 18 *Del. C.* §§ 3903–3909. Section 3904 sets forth the specific bases under which an insurance company can validly cancel or refuse to renew a policy, or exclude a driver from a policy. Nationwide, in the Exclusion Letter, identified the reason for the Son's exclusion as his "reckless driving" record, but did not specify which subsection of § 3904 the exclusion was based upon.

In its Motion for Summary Judgment, Nationwide states that the exclusion was based on 18 *Del. C.* § 3904(a)(7)(c), which provides that the insurance company may exclude a driver from a policy if he or she "has an accident record, conviction record (criminal or traffic), physical, mental, or other condition which is such that his or her operation of an automobile might endanger the public safety."[14] Plaintiffs, however, state that they learned of Nationwide's reliance on § 3904(a)(7)(c) for the first time in its Motion, and had believed that the exclusion was based on § 3904(a)(7)(h). Section 3904(a)(7)(h) allows for exclusion in the circumstance where the to-be-excluded driver was involved in three at-fault accidents or committed three or more violations of motor vehicle laws "within the 36 months

---

[14] 18 *Del. C.* § 3904(a)(7)(c).

5

immediately preceding" the notice of exclusion.[15] Plaintiffs do not seem to dispute that the Son's exclusion could fall under either of the two § 3904 subsections. According to Plaintiffs, it is important to clarify which provision the Son's exclusion was based upon, because the 36-month lookback period is included in § 3904(a)(7)(h) but not (a)(7)(c).

The Court finds that, because Nationwide's Exclusion Letter identified only one incident, i.e., the Son's "reckless driving on 10/22/10," instead of several traffic violations, the exclusion clearly appears to have been based on § 3904(a)(7)(c). Hence, any argument of Plaintiffs regarding the lookback period would be inapplicable because § 3904(a)(7)(c) does not contain a lookback period. Assuming, *arguendo*, that § 3904(a)(7)(h) was the subsection relied upon by Nationwide as the basis for the Son's exclusion, the Court does not find that after the passage of the lookback period, the Son then became eligible for coverage under the Policy.

Plaintiffs interpret the lookback period as placing a time limit on the exclusion. According to Plaintiffs, the lookback period renders the exclusion valid for only 36 months, and after the expiration of the 36-month period, the exclusion becomes ineffective and the driver previously excluded becomes re-eligible for coverage under the original policy. The Court does not agree with Plaintiffs' interpretation of § 3904(a)(7)(h) or the lookback period because it is not supported

---

[15] 18 *Del. C.* § 3904(a)(7)(h).

6

by the plain language of the statute. The statute is unambiguous on its face. Like other § 3904 subsections, it sets forth one of the multiple circumstances under which an insurance company may exclude a driver from an insurance policy. Notably, § 3904(a)(7)(h) limits the period of time from which an insurance company is allowed to consider an accident or violation in extending coverage. The insurance company could consider only those accidents/violations that occurred within 36 months preceding the notice of exclusion. In other words, the 36-month lookback period comes into play and is calculated only from the point in time when the insurance company makes the exclusion decision. Nothing in the statute suggests that the lookback period somehow puts a time limit on the exclusion *itself*.

Since the Court finds that there was no time limit on the Son's exclusion from the Policy, Plaintiffs' contention that Nationwide had an obligation to advise Plaintiffs of such time limit is without merit. Regardless, even assuming such time limit existed, the Court finds that Nationwide has done everything it was obligated to do under the statute with regard to excluding the Son from the Policy. The specifics of the exclusion process are set forth in 18 *Del. C.* § 3909. Section 3909(b) authorizes an insurer to exclude a driver from a given policy for the reasons provided in § 3904.[16] In connection with the exclusion, the insurer is required to offer the excluded driver coverage of at least the same type and amount of coverage from

---

[16] 18 *Del. C.* § 3909(b).

7

which the driver is excluded.[17] The excluded driver is then required to either accept the offer, or furnish proof of coverage carried with another insurer or surrender his or her driver's license.[18] There is no dispute that Nationwide had complied with all statutory requirements discussed above. Nationwide's statutory duty stopped there, and it was under no obligation to do anything more than it had done.

Plaintiffs contend that Nationwide should have notified them which subsection of 18 *Del. C.* § 3904 was the basis of the Son's exclusion and that there was an end date for the exclusion. As discussed above, the statute did not impose any such duty of notification on Nationwide. Plaintiffs, at oral argument, conceded that no statutory duty of notification existed, and therefore made a fairness argument instead. They argue that Nationwide, with superior knowledge and experience in insurance matters and a stronger bargaining power, had a duty to notify as a matter of good faith and fair dealing.

The long-standing concept of implied covenant of good faith and fair dealing is integrated in every contract. This implied covenant requires a party in a contractual relationship to "refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain."[19] The record in this case is devoid of evidence showing that

---

[17] 18 *Del. C.* § 3909(d).
[18] 18 *Del. C.* § 3909(e).
[19] *Dunlap v. State Farm Fire and Cas. Co.*, 878 A.2d 434, 442 (Del. 2005).

8

Nationwide engaged in any conduct that was "arbitrary or unreasonable." Nationwide excluded the Son from the Father's Policy for the Son's traffic citation of reckless driving. This fell squarely under at least one of the circumstances allowed under the relevant statute as the basis for the exclusion. Although Nationwide did not specify the particular subsection of 18 *Del. C.* § 3904 upon which the exclusion was based, it clearly illustrated the reason for the exclusion. Plaintiffs have never challenged the authenticity of the reckless driving record or asserted that the initial exclusion was in any way improper. Instead, Plaintiffs seem to have fully understood the reason for the Son's exclusion and its ramifications. Nationwide, in compliance with the statute, offered to provide coverage for the Son under a separate policy. Plaintiffs rejected the offer and obtained separate coverage for the Son from another insurance company. The Court finds that Nationwide did everything it should have done under these circumstances, and had no further duty with regard to the Son under the Policy once he had been excluded. There is no evidence showing that Plaintiffs were in any way prevented from "receiving the fruits" of their bargain.

## V. CONCLUSION

Nationwide complied with its statutory and contractual duty in connection to excluding the Son from the Father's Policy. The Son was properly excluded and never reinstated his eligibility for the Policy. Therefore, Plaintiffs are not entitled to coverage for liability and property damage for the Son's 2016 accident under the

9

Policy. For the foregoing reasons, Nationwide's Motion for Summary Judgment is **GRANTED**, and Plaintiffs' Motion for Summary Judgment is accordingly **DENIED**.

      **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge